IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 13-cv-02577-WJM-BNB

ROBERT PARKER,

Plaintiff,

v.

M&M ENERGY LLC, and
FOSTER ENERGY SERVICES, LLC,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

On March 17, 2014, I ordered the plaintiff, who is proceeding pro se, to show cause why the action should not be dismissed for failure to comply with my order to appear at a hearing in person. Order [Doc. # 48]. The order warned Mr. Parker that his failure to respond to the order and to show cause could result in dismissal of the action. Mr. Parker did not respond to the order in any way. Consequently, he has both failed to comply with a second court order and demonstrated his intention to abandon the action.

Local rule of practice 41.1, D.C.COLO.LCivR, provides:

> A judicial officer may issue an order to show cause why a case
> should not be dismissed for failure to prosecute or failure to
> comply with these rules, the Federal Rules of Civil Procedure, or a
> court order. If good cause is not shown, a district judge or a
> magistrate judge exercising consent jurisdiction may enter an order
> of dismissal with or without prejudice.

I respectfully RECOMMEND that the action be dismissed without prejudice based on the plaintiff' failure to comply with two orders of the court and his failure to prosecute the action.[1]

Dated April 2, 2014.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).